Tonia Ouellette Klausner
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: 212-497-7706
Facsimile: 866-974-7329
Email: tklausner@wsgr.com

Jessica Kitson
VOLUNTEER LAWYERS FOR JUSTICE
24 Commerce Street, Suite 610
Newark, New Jersey 07102
Telephone: 973-645-1951
Facsimile: 973-645-1954
Email: jkitson@vljnj.org

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUDELKY DIAZ REYES, | Civil Action No.: 24-cv-10819 |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| HANY YOUHANA and ALEXANDRA ARIAS ORLOWSKA, | |
| Defendants. | |

Plaintiff Yudelky Diaz Reyes alleges upon personal knowledge, and information and belief based upon, *inter alia,* the investigation made by and through her attorneys as to all other matters, as follows:

## **INTRODUCTION**

1.      Ms. Dias Reyes ("Plaintiff") hereby brings this action to recover damages from Defendants' violations of federal and state anti-trafficking and labor laws, and breach of an employment contract.

2.      Defendants Hany Youhana and Alexandra Arias Orlowska are a married couple who recruited Plaintiff, a native of the Dominican Republic, to come to New Jersey on a G-5 visa to perform services for the couple as a domestic worker. Defendant Arias Orlowska is a U.N. employee from the Dominican Republic, a status that gave her the right to bring a domestic worker to the United States on a special visa.

3.      In compliance with U.S. law and State Department regulations, Plaintiff and Defendant Arias Orlowska signed an employment contract stating that Plaintiff would generally work forty hours per week and earn at least $840.00 every two weeks.

4.      Defendant Arias Orlowska further promised Plaintiff in the contract that she would have her own sleeping quarters, paid time off, and overtime, as

required under U.S. labor laws.  Defendants failed to honor the terms and conditions of that agreement.

5.      As arranged by Defendants, Plaintiff entered the country on a G-5 visa permitting her to work for the Orlowska family providing childcare and other domestic services.  In reliance upon Defendant Arias Orlowska's promises and the written and oral agreements, Plaintiff left her entire family, including her minor son, in the Dominican Republic to live and work under the conditions she agreed to in the contract.

6.      Plaintiff moved into the Orlowska family home in December 2016 and began work caring for the family's three children and providing general domestic services for the benefit of all family members.

7.      However, shortly after her arrival, Plaintiff discovered that Defendant Arias Orlowska had lied: Plaintiff was paid only half of what was promised in the contract; she worked seven days each week instead of five days as provided in the contract; and instead of the private bedroom that had been promised, Plaintiff had nowhere to sleep other than a fold-out sofa bed in the family's living room, where family members regularly watched television.  Each child had their own private bedroom, but Plaintiff was provided with no space of her own.  Nor was she given her own key to the house.

8.     Plaintiff provided her services to all of Defendants' family members including cooking meals, doing the laundry, ironing, cleaning, and caring for Defendants' children.

9.     At the beginning of the four strenuous years that Plaintiff spent working for Defendants, she objected to her long hours, open sleeping arrangement, and underpay.  Defendant Arias Orlowska told Plaintiff she should be grateful.

10.    Plaintiff came to the United States alone, leaving her minor son behind in the Dominican Republic.  She knew no one in the United States and did not speak English.  Defendants were her only source of shelter, food, and work. She had nowhere to go and no one to turn to for help.  Plus, Plaintiff's G-5 Visa only permitted her to work for Defendants so she could not secure lawful employment elsewhere.  Plaintiff found herself trapped in forced labor.

11.    Defendant Arias Orlowska further coerced Plaintiff to continue working under the illegal conditions she and Defendant Youhana provided through threats.  When Plaintiff raised concerns regarding the working conditions and low wages, Defendant Arias Orlowska intimidated Plaintiff by informing her that Defendant Arias Orlowska previously employed another domestic worker who ended her employment before the contract term expired and then could not return to the United States.  Defendant Arias Orlowska told Plaintiff that the prior

employee was never able to work in the United States again.  Defendant Arias Orlowska led Plaintiff to believe that she had used her power and influence as a diplomat from a powerful family in the Dominican Republic to ensure that the prior worker could never work in the United States again, and that the same fate would befall Plaintiff if she terminated her employment before the end of four years.

12.    Plaintiff feared retribution and deportation if she went to the police or stopped working for Defendants before the end of her contract's term.  So, she continued working excessive hours for insufficient pay all while having no private space where she could sleep or take breaks in Defendants' home.

13.    Plaintiff found the courage to escape Defendants' employment only after Defendant Arias Orlowska demanded that Plaintiff lie to a U.S. State Department official who sought to interview Plaintiff regarding her working conditions.

14.    Defendant Arias Orlowska threatened that if Plaintiff did not lie to the State Department, the family's children would be taken away.  Plaintiff cared about the children and did not want harm to befall them.  She believed Defendant Arias Orlowska's threats and feared the interview.  Therefore, she first postponed the interview and continued working for the family.

15.     Once she finally was interviewed, Plaintiff set aside her fear because she would not lie to a government official.  Plaintiff told the truth at the interview with a federal government official, disclosing the abusive conditions she had endured at the Defendants' home.  After disclosing this abuse, she was unable to return to the Defendants' home, fearing retribution because she told the truth.

16.     Defendants' conduct as described above violated U.S. federal and New Jersey state anti-human trafficking and labor laws.  As a direct and proximate result of Defendants' violations Plaintiff suffered damages in an amount to be proven.  She also seeks restitution and liquidated damages, punitive damages, damages for pain and suffering and attorney fees as provided for by 18 U.S.C. §1595, 29 U.S.C.§ 216, N.J. Stat. § 34:11-4.10(c), and N.J. Stat. § 2C:13-8.1(c).

## JURISDICTION AND VENUE

17.     This action arises under the human trafficking and wage laws of the United States, including 18 U.S.C. §§ 1589, 1590, and 1595, 29 U.S.C. § 206, the New Jersey Wage Act, N.J.S.A., 34:11-4.2, the New Jersey Human Trafficking Act, N.J.S.A., 2C:13-8, and New Jersey common law.

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 18 U.S.C. §§ 1589, 1590, and 1595, and 29 U.S.C. § 206.

19.     This Court has supplemental subject matter jurisdiction over the New Jersey state law claims pursuant to 28 U.S.C. § 1367(a).

20.     Defendants may be found in and are subject to personal jurisdiction in the District of New Jersey.

21.     The violations of law alleged in this Complaint took place, in part, and have injured Plaintiff in this judicial district.  Venue is therefore proper in the District of New Jersey.

## PARTIES

22.     Plaintiff is an individual currently residing in New Jersey.  Defendants brought Plaintiff to the United States in December 2016 on a G-5 visa.  Defendants held Plaintiff in forced labor in their home in Moonachie Borough, New Jersey for four years.

23.     Defendants Youhana and Arias Orlowska are a married couple.  On information and belief, Defendants continue to reside in Moonachie Borough, New Jersey.  On information and belief, Defendant Youhana is a citizen of the United States.  Defendant Arias Orlowska, who at all times relevant to this action worked for the government of the Dominican Republic, upon information and belief, is a citizen of the Dominican Republic.

## FACTUAL ALLEGATIONS

24.     In 2012, Plaintiff met the Defendants at a luxury resort in the Dominican Republic.  The resort primarily served foreign tourists.  Plaintiff met the Defendants and their children while she was working as a housekeeper for the resort and Defendants were paid guests at the resort.

25.     Defendant Arias Orlowska and Plaintiff began speaking about the possibility that Plaintiff could come to the United States to work for Defendants in their home doing domestic work and caring for their children.

26.     In 2016, Plaintiff and Defendant Arias Orlowska signed an employment contract (the "Contract") using the U.S. State Department's Model Contract for Workers with an A-3 or G-5 Visa.  Under the Contract, Ms. Diaz Reyes agreed to provide domestic work on a G-5 visa under the U.S. Department of State's domestic worker program.

27.     The Contract stipulated, among other things, that:

    a.  Plaintiff would work eight hours per day, Monday through Friday, for a total of forty hours per week.

    b.  Plaintiff would receive payment of initially $840.00, and later $1,080.00 USD every two weeks on Friday, based on a forty-hour work week, overtime pay, and paid sick and vacation days.

c. After the first thirty days of employment, all wages would be paid by check or electronic transfer to Plaintiff's bank account.

d. At minimum, Plaintiff would be provided with adequate and reasonable accommodations, including a private bed.

28.     Defendant Arias Orlowska invoked the U.S. immigration process to secure a G-5 visa, which granted Plaintiff status to reside in the country as a domestic worker to be employed only by the Defendants.

29.     Defendant Arias Orlowska never intended to comply with the terms of the State Department's Model Contract.

30.     Plaintiff arrived alone, without her minor son, in New Jersey on or around December 30, 2016.  Defendants paid for and arranged for Plaintiff's transportation from the Dominican Republic to the United States.

31.     Plaintiff immediately began to care for the Defendants' three young children, clean the Defendants' home, prepare the Defendants' and their children's meals, and perform general domestic work in support of all household members.

32.     Both Defendants and their children benefitted from the services Plaintiff provided.

33.     Plaintiff's responsibilities included:

a. Feeding and walking the Defendants' two dogs.

b. Cleaning the Defendants' home including changing bed linens, ironing Defendant Youhana's clothes, and performing general domestic work.

c. Preparing breakfast for the Defendants' three school-age children most mornings.

d.  Cleaning the children and dressing them for school.

e. While the children were at school, cleaning the house and doing laundry.

f. Picking the children up from school and feeding them a snack.

g. Preparing dinner for the family and cleaning up afterwards.

34.    Plaintiff complied with the material terms of the Contract and provided her labor services to Defendants.

35.    After Plaintiff received her second payment from the Defendants, she realized that the Defendants were not honoring the terms of the Contract.  Instead of paying Plaintiff $840 for two weeks of work, as guaranteed in the Contract, she was paid only $400.  Plaintiff worked significantly longer hours than required under the Contract, yet Defendants never paid her any overtime.

36.    Defendants also failed to uphold the verbal promises and the written Contract as it pertained to Plaintiff's living conditions.  For example, while Defendants promised Plaintiff a private sleeping area, Defendants required

Plaintiff to sleep on a sofa bed in the family's living room.  As a result, Plaintiff had no privacy during the evenings and non-working hours and had no dresser or closet in which to store her personal belongings.  Plaintiff's sleep was frequently interrupted in the mornings by the Defendants, who wanted to occupy the living room space.  Additionally, after dinner, the Defendants and their children would often gather in the living room where Plaintiff slept, and would regularly recline on the sofa that Plaintiff slept on until around 11:00 PM.

37.    The open sleeping arrangement afforded Plaintiff no privacy.  She was constantly at the beck and call of the family members.

38.    The sofa bed was also unsuitable for a long-term sleeping arrangement, rather than a short-term necessity.  The "bed" was thin and uncomfortable, and Plaintiff resorted to adding layers of cardboard as padding.

39.    Plaintiff immediately began to question her rights but was concerned that if she did not complete her obligations as set forth in the Contract, Defendants would retaliate again her.

40.    Defendant Arias Orlowska heightened those concerns.  In particular, when Plaintiff questioned her rights or objected to the working conditions, Defendant Arias Orlowska told her intimidating stories about the Orlowska family's previous domestic worker who breached the employment contract by leaving before the term expired.  Defendant Arias Orlowska warned Ms. Diaz

Reyes that the woman could never return to the United States again and suggested that she had leveraged her influence and network to stop the woman from legally returning to the United States. Defendant Arias Orlowska led Plaintiff to believe that if she terminated her employment prior to the end of the Contract, Defendant Arias Orlowska would use her political connections and status as a diplomat to prevent Plaintiff from ever legally returning to the United States again.

41.    Plaintiff felt trapped and helpless. She had traveled to the United States alone, did not know anyone in New Jersey except the Defendants and their three children, and had limited-to-no knowledge of the English language. In addition to feeling socially isolated, she did not know how to buy a plane ticket and was completely dependent on Defendants to provide any return travel arrangements back to the Dominican Republic.

42.    Plaintiff trusted Defendants and therefore made a significant sacrifice leaving her family and home in the Dominican Republic. Given the nature of Defendant Arias Orlowska's threats, including a statement that things "end[ed] up badly" for the family's prior domestic worker when she quit, Plaintiff feared that raising complaints might compromise both her safety and the safety of her son, who remained in the Dominican Republic, as well as destroy her ability to ever return to the United States.

43.     Plaintiff also had no lawful alternative employment opportunities in the United States.  Under the terms of her G-5 visa, Plaintiff could legally only work for the Defendants.  She feared that if she searched for additional or alternative employment outside of the Defendants' home, Defendants would report her to law enforcement.

44.     In 2019, Defendant Arias Orlowska presented Ms. Diaz Reyes with an amendment to the original contract.  The terms of the two contracts were identical except the 2016 contract provided for biweekly payment of $840.00 USD and the 2019 renewal provided for biweekly payment of $1,080.00 USD.  Defendant Arias Orlowska insisted that Plaintiff sign the 2019 amendment because the labor laws had changed, and she was required to pay Plaintiff a higher hourly rate.  Believing she had no other option, Plaintiff signed the 2019 amendment.

45.     Pursuant to the amendment, Plaintiff would provide the same services to Defendants' family and in exchange, among other things, she would:

a. Work 8 hours per day, Monday through Friday, for a total of 40 hours per week.

b. Receive payment of $1,080.00 USD every two weeks on Friday, based on a 40-hour work week at a base rate of $13.50 USD per hour.

c. After the first 30 days of employment, receive all wages by check or electronic transfer to her bank account.

d. Receive adequate and reasonable accommodations, including a private bed.

46.    Plaintiff complied with the material terms of the Contract and provided her labor services to Defendants.

47.    However, even after execution of the 2019 amendment, Defendants failed to comply with the terms of the Contract.  Plaintiff continued to work more than 40 hours per week, without overtime pay.  After signing the 2019 amendment, instead of receiving $1,080.00 every two weeks as required under the amendment, Plaintiff received approximately $550.00 every two weeks.  Additionally, Plaintiff continued to sleep on a pull-out sofa in the Defendants' family living room instead of a private bedroom.

48.    In February 2021, Plaintiff was contacted by the U.S. Department of State ("DOS") for an annual check-in interview.[1]

49.    Plaintiff informed Defendant Arias Orlowska that she had been called for an interview with DOS.  Defendant Arias Orlowska demanded that Plaintiff lie about the conditions of her employment.

---

[1] The U.S. Department of State ("DOS") interviews all domestic workers on A-3 and G-5 visas in the United States to verify that they are not facing abuse or forced labor.  *See* Justice in Motion, *U.S. Temporary Foreign Worker Visas: A-3 and G-5 Visas* (March 2021), available at https://www.justiceinmotion.org/files/ugd/64f95e_49f2590cd5ad48a9a76d2852a1b44739.pdf.

The check-in program, operated by the State Department Office of Protocol, was introduced after dozens of cases of trafficking and forced labor committed by diplomats and international organization employees against their domestic workers with A-3/G-5 visas.  *See* Polaris Project, *Labor Trafficking on Specific Temporary Work Visas*, available at https://polarisproject.org/wp-content/uploads/2022/07/Labor-Trafficking-on-Specific-Temporary-Work-Visas-by-Polaris.pdf.

50.    An official from the Host Country Affairs Division of the DOS arranged a video conference with Plaintiff to discuss her experience as a domestic worker in the Defendants' home.  Defendant Arias Orlowska told Plaintiff that if Plaintiff didn't lie about how much she was being paid and her general living conditions, Defendant Arias Orlowska's children would be taken away from Defendants.  Plaintiff did not understand United States law and believed Defendant Arias Orlowska to be telling the truth.

51.    Plaintiff cared deeply about the children and did not want them taken away from their parents.  In part due to this concern, Plaintiff initially postponed the interview and continued providing her domestic services to Defendants.

52.    Plaintiff participated in the rescheduled interview.  Plaintiff was extremely nervous leading up to the meeting with the DOS official.  Plaintiff feared that if she told the truth to the DOS official that the Defendants' children would be taken away and that Defendant Arias Orlowska would use her power and influence to punish Plaintiff or her son, who remained in the Dominican Republic. Despite her fears, Plaintiff ultimately decided she had to tell the truth because she did not want to lie to a government official.

53.    Following her meeting with the DOS official, Plaintiff was too afraid to return to the Defendants' home for fear that Defendants would harm her after learning she had told the truth.  She therefore never returned to their home.

54.     During the period since she left the home, Plaintiff has suffered from financial instability.  For example, at times Plaintiff has had to rely on food banks to provide her with adequate sustenance.  For shelter, Plaintiff has had to depend on the only friend she made after arriving in the United States.

55.     At present, Plaintiff is receiving psychological services to address the trauma caused by her treatment by Defendants and lengthy separation from her minor son.

56.     As a result of Defendants' breach of contract, wage theft, and labor trafficking, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT I – FORCED LABOR VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2008, 18 U.S.C. §§ 1589, 1590, 1593A

57.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

58.     Through Defendant Arias Orlowska's threats, she knowingly obtained Plaintiff's labor and services by means of the abuse or threatened abuse of law or legal process, including the G-5 visa program, in violation of 18 U.S.C. § 1589(a)(3).

59.     Defendant Arias Orlowska knowingly obtained Plaintiff's labor and services by means of a scheme, plan, or pattern intended to cause Plaintiff to

believe that, if she did not perform such labor or services, she or others would suffer serious harm, in violation of 18 U.S.C. § 1589(a)(4).

60.    Defendants knowingly recruited, transported, harbored, provided and/or obtained Plaintiff for the purpose of subjecting her to forced labor, in violation of 18 U.S.C. § 1590.

61.    Defendants knowingly recruited and obtained Plaintiff's labor and services and caused her to travel or be transported to Moonachie Borough, New Jersey, for the purpose of subjecting her to forced labor.

62.    Defendants harbored Plaintiff for the purpose of subjecting her to forced labor by housing her at their family home located at 25 Edstan Dr., Moonachie, NJ 07074.

63.    As a direct and proximate result of Defendants' criminal acts, Plaintiff has sustained damages, including economic loss and emotional distress.

64.    Plaintiff is entitled to recover damages in an amount to be proven at trial.

65.    Pursuant to 18 U.S.C. § 1595, Plaintiff is authorized to bring this civil claim and is entitled to judgment that Defendants violated 18 U.S.C. §§ 1589 and 1590; to monetary compensation for damages she suffered as a result of that violation; and to her reasonable attorneys' fees.

## COUNT II –
## FAILURE TO PAY MINIMUM WAGE, 29 U.S.C. § 206

66.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

67.     The Fair Labor Standards Act ("FLSA") applied to Plaintiff's employment with Defendants at all times relevant herein.

68.     Defendants Arias Orlowska and Youhana were joint employers, both had authority to and issued work assignments, and both were involved in the day-to-day supervision of Plaintiff.

69.     The FLSA, 29 U.S.C. § 206, provides that employers pay all employees minimum wages for their work in an amount set by federal law.

70.     During the relevant period, the federal minimum wage was $7.25 per hour.

71.     Plaintiff regularly worked 25 to 51 hours above the standard 40 hours per week, but was compensated far less than required by federal law.  She earned approximately $2.19 to $4.23 per hour, based on the hours she was forced to work while in the Defendants' employ.

72.     By failing to pay the minimum wage for all hours worked by Plaintiff, Defendants violated the FLSA.

73.     As a result of Defendants' unlawful acts, Plaintiff was deprived of wages owed to her in an amount to be determined at trial and is entitled to recover

such amount and liquidated damages, as provided by the FLSA, 29 U.S.C §

216(b), plus interest thereon, and such other legal and equitable relief as the Court

deems just and proper.

74.    Plaintiff further seeks recovery of a reasonable attorney's fee.

## COUNT III – VIOLATION OF NEW JERSEY'S WAGE ACT, N.J.S.A., 34:11-4.2

75.    The allegations in all of the preceding paragraphs are realleged and

incorporated herein by reference.

76.    As an employer within the meaning of N.J.S.A, 34:11-4.10,

Defendants are individually liable for the payment of wages due.

77.    Defendants failed to pay Plaintiff the amount of wages agreed to or

required by New Jersey law.

78.    As a result of Defendants' unlawful acts, Plaintiff is entitled to

compensation for lost wages, unpaid overtime, and up to 200% of the wages due

pursuant to N.J.S.A, 34:11-4.10(c), together with reasonable attorney's fees.

## COUNT IV – VIOLATION OF NEW JERSEY'S HUMAN TRAFFICKING ACT, N.J.S.A., 2C:13-8 et. seq.

79.    The allegations in all of the preceding paragraphs are realleged and

incorporated herein by reference.

80.    Defendants knowingly recruited, lured, enticed, harbored, transported,

provided and/or obtained Plaintiff for the purpose of providing labor and services.

81.    Defendants Arias Orlowska and Youhana knowingly obtained Plaintiff's labor and services by means of the abuse or threatened abuse of law or legal process.

82.    Defendants knowingly obtained Plaintiff's labor and services by means of fraud, deceit, or misrepresentation against the person.

83.    Defendants knowingly received value from participation as organizers, supervisors, financiers and/or managers in the course of conduct which violates the New Jersey Human Trafficking Act.

84.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has sustained damages, including economic loss and emotional distress.

85.    Plaintiff is entitled to recover damages in an amount to be proven at trial.

86.    Pursuant to N.J. Stat. § 2C:13-8.1, Plaintiff is entitled to judgment that Defendants violated N.J.S.A., 2C:13-8(a); to damages she suffered as a result of that violation; to damages for the pain and suffering she experienced; to punitive damages; to her reasonable costs incurred for psychological services; and to her reasonable attorneys' fees.

## COUNT V – BREACH OF CONTRACT AGAINST DEFENDANT ARIAS ORLOWSKA

87.    The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

88.    In 2016, Defendant Orlowska and Plaintiff entered the Contract.

89.    Defendant Orlowska and Plaintiff entered into an amendment to the Contract in or around 2019.

90.    Each party's acceptance of the Contract was supported by good and valuable consideration.

91.    Defendant Arias Orlowska breached the contract in numerous material respects, including without limitation:

    a.  By failing to pay Plaintiff at least the local minimum wage;

    b.  By failing to pay Plaintiff overtime;

    c.  By failing to pay Plaintiff for all the hours worked; and

    d.  By failing to provide Plaintiff with reasonable living accommodations.

92.    Plaintiff fully performed all of her material obligations under the Contract, except those for which performance has been waived or legally excused. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT VI – UNJUST ENRICHMENT AGAINST DEFENDANT YOUHANA

93.    The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

94.     As a result of the wrongful conduct alleged herein, Defendant Youhana has been unjustly enriched in that he knowingly benefitted by receiving valuable domestic services from Plaintiff.

95.     Under the circumstances described herein, it would be unjust for Defendant Youhana to retain the benefits received from Plaintiff without adequate compensation.

96.     By virtue of Defendant Youhana's unjust enrichment, Plaintiff has sustained damages, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and award:

(1) Damages in an amount to be determined, to include:

    a.  Compensatory damages;

    b.  Liquidated damages of up to two hundred percent of the wages due;

    c.  Punitive damages;

    d.  Damages for Plaintiff's pain and suffering;

(2) Pre- and post-judgment interest;

(3) Costs;

(4) Reasonable attorneys' fees; and

(5) Such other and relief that the Court deems just and proper.

Dated: November 27, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Tonia Ouellette Klausner*
Tonia Ouellette Klausner
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: 212-497-7706
Facsimile: 866-974-7329
Email: tklausner@wsgr.com

Jessica Kitson
VOLUNTEER LAWYERS FOR JUSTICE
24 Commerce Street, Suite 610
Newark, New Jersey 07102
Telephone: 973-645-1951
Facsimile: 973-645-1954
Email: jkitson@vljnj.org

*Counsel for Plaintiff*

<u>**LOCAL CIVIL RULE 11.2 CERTIFICATION**</u>

Plaintiff Yudelky Diaz Reyes hereby certifies that, to her knowledge, the

matter in controversy is not the subject of any other action pending in any court, or

any pending lawsuit, arbitration or administrative proceeding.

Dated: November 27, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

<u>s/ *Tonia Ouellette Klausner*</u>
Tonia Ouellette Klausner
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: 212-497-7706
Facsimile: 866-974-7329
Email: tklausner@wsgr.com

Jessica Kitson
VOLUNTEER LAWYERS FOR JUSTICE
24 Commerce Street, Suite 610
Newark, New Jersey 07102
Telephone: 973-645-1951
Facsimile: 973-645-1954
Email: jkitson@vljnj.org

*Counsel for Plaintiff*