UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUDELKY DIAZ REYES,

        Plaintiff,

    v.

HANY YOUHANA and ALEXANDRA
ARIAS ORLOWSKA,

        Defendants.

Case No.: 2:24-cv-10819-ES-JRA

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

---

DUANE MORRIS LLP
By:    Eric R. Breslin, Esq.
        Sarah Fehm Stewart, Esq.
200 Campus Drive, Suite 300
Florham Park, NJ 07932
(973) 424-2000

*Attorneys for Defendants Hany Youhana and
Alexandra Arias Orlowska*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................................................... ii

LEGAL ARGUMENT.................................................................................................................2

I.     DEFENDANT ARIAS ORLOWSKA HAS PROVIDED PROOF OF HER
       DIPLOMATIC IMMUNITY ........................................................................................2

II.    EQUITABLE TOLLING DOES NOT APPLY .................................................................5

III.   THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S NJWPL
       CLAIM RUNS FROM EACH PAYMENT, NOT FEBRUARY 2021..............................10

IV.    PLAINTIFF CONCEDES THAT SHE DOES NOT STATE A CLAIM FOR
       OVERTIME PAY ........................................................................................................11

V.     PLAINTIFF DID NOT PERFORM UNDER THE CONTRACT ...................................12

VI.    THE UNJUST ENRICHMENT CLAIM REMAINS DUPLICATIVE AND
       SHOULD BE DISMISSED ..........................................................................................13

CONCLUSION..........................................................................................................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Atis v. Freedom Mortg. Corp.*, No. 15-3424, 2016 U.S. Dist. LEXIS 178527 (D.N.J. Dec. 27, 2016) ................................................................................................................................11

*Bieregu v. Ashcroft*, 259 F. Supp. 2d 342 (D.N.J. 2003) ................................................................9

*Chen v. Century Buffet & Rest.*, No. 09-1687, 2012 U.S. Dist. LEXIS 4214 (D.N.J. Jan. 12, 2012) ................................................................................................................................8

*Crum v. Kingdom of Saudi Arabia*, No. 05-275, 2005 U.S. Dist. LEXIS 38483 (E.D. Va. July 13, 2005) ................................................................................................................................4

*Cruz v. Maypa*, 773 F.3d 138 (4th Cir. 2014)........................................................................8, 11

*Ctr. for Special Procedures v. Conn. Gen. Life Ins. Co.*, No. 09-6566, 2010 U.S. Dist. LEXIS 128289 (D.N.J. Dec. 6, 2010) ................................................................................14

*D.J.S.-W. v. United States*, 962 F.3d 745 (3d Cir. 2020) ................................................................6

*Duck v. Pennsylvania*, No. 2:16cv1578, 2017 U.S. Dist. LEXIS 239828 (W.D. Pa. July 21, 2017) ................................................................................................................................6

*Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 U.S. Dist. LEXIS 28649 (D.N.J. Mar. 1, 2012)........................................................................................................10

*Hall v. E.I. du Pont de Nemours & Co.*, 586 F. App'x 860 (3d Cir. 2014)....................................6

*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) ................................................................5

*Hernandez v. Polly Inc.*, No. 22-1244, 2022 U.S. Dist. LEXIS 230360 (D.N.J. Dec. 21, 2022) (Salas, J.)................................................................................................................11

*Koller v. Abington Mem'l Hosp.*, 728 F. App'x 136 (3d Cir. 2018)................................................5

*Mitchell v. C&S Wholesale Grocers, Inc.*, No. 10-2354, 2010 U.S. Dist. LEXIS 68269 (D.N.J. July 8, 2010)........................................................................................................11

*New Jersey v. Gloucester Envtl. Mgmt. Servs.*, 264 F. Supp. 2d 165 (D.N.J. 2003) ....................13

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994) ..............................11

*Perloff v. Somo Audience Corp.*, No. 19-09172, 2020 U.S. Dist. LEXIS 249293 (D.N.J. Aug. 7, 2020) ................................................................................................................................10

*Piscopo v. Pub. Serv. Elec. & Gas Co. ("PSE&G")*, No. 13-552, 2014 U.S. Dist. LEXIS 90781 (D.N.J. July 3, 2014) (Salas, J.) ............................................................................11

*Reynoso v. United States*, No. C 09-02060, 2010 U.S. Dist. LEXIS 8316 (N.D. Cal. Jan. 12, 2010) ...........................................................................................................................9

*Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) ..............................................................6, 9

*Ruehl v. Viacom, Inc.*, 500 F.3d 375 (3d Cir. 2007) ........................................................5

*Santos v. United States*, 559 F.3d 189 (3d Cir. 2009)......................................................5

*Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938 (3d Cir. 2019)......................6

*Tounkara v. Republic of Senegal*, No. 21-8027, 2023 U.S. Dist. LEXIS 218447 (S.D.N.Y. Dec. 7, 2023) .............................................................................................................3

*United States v. Zhong*, No. 16-614, 2018 U.S. Dist. LEXIS 199848 (E.D.N.Y. Nov. 26, 2018) ..2

*White v. Superintendent Rockview SCI*, No. 20-3511, 2024 U.S. App. LEXIS 15322 (3d Cir. June 25, 2024) .........................................................................................................6

*Zydus Worldwide DMCC v. Teva API Inc.*, 461 F. Supp. 3d 119 (D.N.J. 2020).........................13

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*................................................. passim

New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.2........................................................ passim

Plaintiff's opposition brief spins a tale that defies logic and legal foundation. She claims on the one hand that she allegedly knew *in 2016* that "Defendant Arias Orlowska had no intention of honoring her obligations" under the contract, but admits on the other hand that she voluntarily entered into an amendment of that contract in 2019 to continue her employment. *See* Opp.[1] at p. 2. She argues that Defendant Arias Orlowska misled her into leaving her entire family, including a minor son, in the Dominican Republic (*see* Compl. at ¶ 5), but then complains that she feared Defendant Arias Orlowska would prevent her from *staying* in the United States to work (*see* Opp. at p. 3). She makes unbelievable and unspecific allegations that Defendant Arias Orlowska "threatened, intimidated, and misinformed" her, thus allegedly preventing her from timely filing this action (*see* Opp. at p. 13), yet acknowledges she has not worked for Defendants or been in their home since February 2021 – *over four years ago* (*see* Opp. at p 14). She accuses Defendant Arias Orlowska of being from a mafia-like "powerful family" that could harm Plaintiff and her status in the United States, yet admits she was able to simply leave Defendants employ and remain in this country without retribution. *See* Opp. at pp. 3-4. The contradictory and illogical nature of Plaintiff's allegations serve to vividly underscore the deficiencies in Plaintiff's Complaint.

These allegations also reveal the opposition's failure to save Plaintiff's deficient claims. Indeed, despite receiving a signed and stamped letter from the Dominican Republic's Ambassador to the United Nations attesting to Defendant Arias Orlowska's diplomat status, Plaintiff argues that Defendant is not entitled to immunity. This is false.

Similarly, despite waiting well over four years after leaving Defendants' employ to file this action, Plaintiff argues that her time-barred wage claims should continue under the doctrine

---

[1] "Opp." or "Opposition" refers to Plaintiff Yudelky Diaz Reyes's March 24, 2025, opposition brief.

1

of equitable tolling.  That doctrine does not apply where, as here, the defendant did not cause the plaintiff's late filing, and where, as here, the plaintiff failed to act with diligence.

Plaintiff's arguments regarding her contract and unjust enrichment claims are similarly unavailing.  Plaintiff concedes that she did not provide the notice set forth in the contract, and then accuses Defendants of breaching contractual provisions that do not exist.  Plaintiff admits that she cannot seek recovery in both contract and quasi contract, but then argues that she can recover from both Defendants under a binding written agreement.

In short, the Complaint continues to suffer an array of fatal deficiencies, and Defendants respectfully request that their motion be granted.

## LEGAL ARGUMENT

## I.   DEFENDANT ARIAS ORLOWSKA HAS PROVIDED PROOF OF HER DIPLOMATIC IMMUNITY

Plaintiff first argues that Defendant Arias Orlowska is not entitled to diplomatic immunity.[2]  Her argument is three-fold.  First, Plaintiff argues that Defendant Arias Orlowska's name does not appear on a State Department list from 2020, and therefore she is allegedly not immune from suit.  Second, Plaintiff argues that Defendant Arias Orlowska was required to submit documentation from the State Department to establish her immunity.  Third, Plaintiff argues that employment of a domestic servant is not conduct entitled to immunity.  None of these arguments defeat Defendant Arias Orlowska's diplomatic immunity.

---

[2] In a footnote on page 9 of her Opposition, Plaintiff states that, upon information and belief, Defendant Arias Orlowska is a green card holder and permanent resident, and claims that this "would be fatal to her diplomatic immunity arguments."  This is not the law.  *See United States v. Zhong*, No. 16-614, 2018 U.S. Dist. LEXIS 199848, at *17-18 (E.D.N.Y. Nov. 26, 2018) ("The Court finds the government's argument that Defendant waived any claim of residual immunity when he applied to become a permanent resident of the United States unpersuasive.  Instead, as diplomatic immunity case law and the VCDR suggest, a diplomatic officer cannot waive diplomatic immunity because the ability to waive diplomatic immunity is the prerogative of the foreign state, not the individual.  Accordingly, Defendant did not waive residual immunity when he applied successfully for permanent residence in the United States." (internal citation omitted)).

2

**A.    An Outdated And Admittedly Unreliable List Does Not Defeat Defendant Arias Orlowski's Diplomatic Immunity**

The State Department list that Plaintiff cites, available at https://2017-2021.state.gov/wp-content/uploads/2020/10/Fall-2020-Diplomatic-List1.pdf, was compiled as of September 30, 2020.  This outdated list cannot defeat Defendant Arias Orlowska's diplomatic immunity. "Courts look to the time an action is commenced to determine diplomatic immunity." *Tounkara v. Republic of Senegal*, No. 21-8027, 2023 U.S. Dist. LEXIS 218447, at *20 (S.D.N.Y. Dec. 7, 2023).  This action was commenced in November 2024.  Moreover, the list itself includes the caveat that "This publication is a general reference guide as the status of diplomatic personnel working at foreign missions changes on a daily basis.  Status of personnel listed in this publication should be verified with the U.S. Department of State."  *See* U.S. Dept. of State, Diplomat List (Fall 2020), https://2017-2021.state.gov/wp-content/uploads/2020/10/Fall-2020-Diplomatic-List1.pdf, at p. 2.  As such, the list is admittedly unreliable as a guide for determining diplomatic or immunity status.

**B.    There Is No Rule Requiring A Submission From The State Department**

Plaintiff's opposition asserts that Defendant Arias Orlowska is not entitled to immunity because "Defendants present no evidence from the State Department recognizing Defendant Arias Orlowska's status as a diplomat nor her entitlement to immunity."  Opp. at p. 8.  Plaintiff does not cite any law requiring such documentation, and instead makes the leap of logic that it is necessary because in "four out of the five cases Defendants cite . . . the defendants proffered documentation from the State Department confirming their status as diplomatic agents."  Opp. at p. 7.  While this commonality is interesting, it by no means establishes a prerequisite.  Plaintiff's argument also recklessly discredits the letter submitted by the Dominican Republic's Ambassador to the United Nations, José A. Blanco, describing Defendant Arias Orlowska's role

3

as a diplomat. Plaintiff seems to do so simply because she disagrees with its contents, labeling it

"perjury." *See* Opp. at p. 8 n.7. This is as offensive as it is wrong, and this Court should not

ignore the Ambassador's written and stamped statement.

    **C.**    **Caselaw Supports Application of Diplomatic Immunity to Domestic Employment**

      Plaintiff insists that Defendant Arias Orlowska's employment of Plaintiff as a domestic

servant cannot qualify as conduct entitled to diplomatic immunity. But this is belied by case law

in this and other circuits. For example, in *Fun v. Pulgar*, the Honorable Stanley R. Chesler

found that the "hiring of a domestic employee" was conduct subject to diplomatic immunity:

> Additionally, Defendants properly asserted that the "commercial activity" exception in Article 31(1)(c) of the Vienna Convention does not apply to the hiring of a domestic employee, therefore immunity is neither waived nor eliminated. Thus, Defendants sufficiently proved they were entitled to absolute diplomatic immunity, and because diplomatic immunity serves as a valid defense for the duration of suits already commenced, the issue of residual immunity need not be reached.

993 F. Supp. 2d 470, 474 (D.N.J. 2014) (internal citation omitted).

      Likewise, in *Tabion v. Mufti*, the Fourth Circuit concluded that diplomats are immune

from disputes arising out of "day-to-day living services, such as dry cleaning or domestic help":

> Day-to-day living services such as dry cleaning or domestic help were not meant to be treated as outside a diplomat's official functions. Because these services are incidental to daily life, diplomats are to be immune from disputes arising out of them.

73 F.3d 535, 538-39 (4th Cir. 1996); *see also Crum v. Kingdom of Saudi Arabia*, No. 05-275,

2005 U.S. Dist. LEXIS 38483, at *13 (E.D. Va. July 13, 2005) ("Plaintiff's job, consisting of

driving the Ambassador, his family, staff, and guests, from place to place, was incidental to daily

life and Defendants are therefore immune from claims arising out of those duties. Accordingly,

exercising jurisdiction over Mr. Crum's claims would violate the Vienna Convention on Diplomatic Relations").

Plaintiff urges this Court to ignore these cases, in particular *Tablon*, because she self-servingly believes they are "wrong" (*see* Opp. at p. 10), but this is not a basis to deny persuasive law. The Court should reject Plaintiff's attempts to defeat Defendant Arias Orlowska's diplomatic immunity.

## II.    EQUITABLE TOLLING DOES NOT APPLY

Plaintiff next argues that her FLSA and NJWPL claims are timely because equitable tolling applies. Plaintiff misunderstands the law. Equitable tolling is a form of "extraordinary" relief that should be used "only sparingly." *Santos v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quotation and citation omitted). It applies in the limited circumstances:

> (1) where the defendant has actively misled the plaintiff *respecting the plaintiff's cause of action*; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (emphasis added) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997)).

"Misled" in this context means that the defendant's alleged deception "caused [the plaintiff's] non-compliance with the limitations provision." *Koller v. Abington Mem'l Hosp.*, 728 F. App'x 136, 139 (3d Cir. 2018) (quotation and citation omitted). This occurs where the defendant conceals essential information that would reveal the existence of a claim, thus preventing the plaintiff from discovering his or her claim and timely filing a complaint. *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 385 (3d Cir. 2007) (explaining that plaintiff may be entitled to

equitable tolling if he could show that defendant "actively misled him about the reasons for his discharge, *and* that this deception *caused* his late filing" (emphasis in original)).

"Extraordinary" under the governing law means circumstances beyond the plaintiff's control that "prevent timely filing." *D.J.S.-W. v. United States*, 962 F.3d 745, 754 (3d Cir. 2020). There must be an "external obstacle" that "stands in the way of a timely filing and causes the delay." *Duck v. Pennsylvania*, No. 2:16cv1578, 2017 U.S. Dist. LEXIS 239828, at *2 (W.D. Pa. July 21, 2017); The classic example is where some external source provides false information that causes the plaintiff to miscalculate the deadline to file a complaint, or where a plaintiff is abandoned by his or her counsel. *See, e.g., White v. Superintendent Rockview SCI*, No. 20-3511, 2024 U.S. App. LEXIS 15322, at *8-9 (3d Cir. June 25, 2024) (equitable tolling applied where courts provided plaintiff "with inaccurate information about the date on which the Supreme Court denied his petition for allowance of appeal and, by extension, the date by which he had to file his federal petition"); *Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938, 941-42 (3d Cir. 2019) (finding equitable tolling applied where "extraordinary circumstances stood in the way of the client's ability to file" because client "was effectively abandoned by his counsel" (internal quotations and citation omitted)).

Under either circumstance, a plaintiff must establish that "[s]he has been pursuing her rights diligently[.]" *D.J.S.-W.*, 962 F.3d at 752; *see also Hall v. E.I. du Pont de Nemours & Co.*, 586 F. App'x 860, 862 (3d Cir. 2014) ("A plaintiff seeking to invoke equitable tolling on the first ground must show that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim" (quotations and citation omitted)); *Ross v. Varano*, 712 F.3d 784, 802 (3d Cir. 2013) (evaluating plaintiff's diligence in connection with second "extraordinary" circumstances ground).

Pursuant to this standard, Plaintiff is not entitled to equitable tolling for several reasons. First, Plaintiff wholly fails to allege that Defendants misled her regarding the facts that underpin her claims. Rather, the opposite is true. As set forth in her Complaint, Plaintiff was admittedly aware in early 2017, after receipt of just her second paycheck, that Defendants were allegedly not paying her full wages or overtime, and were "not honoring the terms of the Contract":

> 30. Plaintiff arrived alone, without her minor son, in New Jersey on or around December 30, 2016. Defendants paid for and arranged for Plaintiff's transportation from the Dominican Republic to the United States.
>
> *       *       *
>
> 35. *After Plaintiff received her second payment* from the Defendants, she realized that the Defendants were not honoring the terms of the Contract. Instead of paying Plaintiff $840 for two weeks of work, as guaranteed in the Contract, she was paid only $400. Plaintiff worked significantly longer hours than required under the Contract, yet Defendants never paid her any overtime.

*See* Compl. at ¶ 35 (emphasis added).

Plaintiff also admittedly told the State Department in February 2021 about Defendants' failure to pay her proper wages and overtime:

> 50. An official from the Host Country Affairs Division of the DOS arranged a video conference with Plaintiff to discuss her experience as a domestic worker in the Defendants' home. *Defendant Arias Orlowska told Plaintiff that if Plaintiff didn't lie about how much she was being paid* and her general living conditions, Defendant Arias Orlowska's children would be taken away from Defendants. Plaintiff did not understand United States law and believed Defendant Arias Orlowska to be telling the truth.
>
> 51. Plaintiff cared deeply about the children and did not want them taken away from their parents. In part due to this concern, Plaintiff initially postponed the interview and continued providing her domestic services to Defendants.
>
> 52. Plaintiff participated in the rescheduled interview. Plaintiff was extremely nervous leading up to the meeting with the DOS official. Plaintiff feared that if she told the truth to the DOS official that the

> Defendants' children would be taken away and that Defendant Arias
> Orlowska would use her power and influence to punish Plaintiff or
> her son, who remained in the Dominican Republic. Despite her
> fears, *Plaintiff ultimately decided she had to tell the truth because
> she did not want to lie to a government official.*

*See* Compl. at ¶¶ 50-52 (emphasis added).

Plaintiff has had all the facts necessary to identify her FLSA and NJWPL claims since early 2017.  No equitable tolling applies.

Second, Plaintiff does not establish how any alleged misrepresentations or other acts by Defendants prevented her from timely filing the Complaint.  Instead, Plaintiff vaguely argues that Defendant Arias Orlowska "intimidated Plaintiff not to assert her rights" and otherwise acted to prevent her from "acting upon her rights."  *See* Opp. at p. 13.  This is nonsensical. Plaintiff admittedly left Defendants' employ in February 2021.  *See* Compl. at ¶¶ 48-53.  She did so after seemingly overcoming the "intimidation" and deciding to instead "tell the truth" to the State Department.  *See* Compl. at ¶ 52.  After doing so, she "never returned to [Defendants'] home."  *See* Compl. at ¶ 53.  That was over four years ago.  Plaintiff provides no explanation – because there is none – to explain her four-year delay in filing the Complaint.

Third, the cases cited by Plaintiff, *Cruz v. Maypa*, 773 F.3d 138 (4th Cir. 2014) and *Chen v. Century Buffet & Rest.*, No. 09-1687, 2012 U.S. Dist. LEXIS 4214 (D.N.J. Jan. 12, 2012), do not establish that equitable tolling is appropriate here.  In *Cruz*, the court did not affirmatively find that the plaintiff's claims were equitably tolled.  Rather, the court remanded those claims "for discovery to determine whether all of Cruz's TVPA claims warrant equitable tolling until December 23, 2004[.]"  773 F.3d at 146.  In *Chen*, the court applied equitable tolling where a restaurant failed to post required labor law notices in the workplace, leaving its employees unaware of their legal rights.  2012 U.S. Dist. LEXIS 4214, at *10-13.  But here, Plaintiff

received a written contract setting forth her rights, wages, hours and entitlement to "a workplace free from intimidation, harassment, and abuse of any kind[.]"  *See* Arias-Orlowska Am. Decl.[3] at Ex. B pp. 4-5.  And even if she were not fully informed of her rights, ignorance of the law is not a basis to invoke equitable tolling.  *See Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003) ("lack of legal knowledge" does not constitute "'extraordinary circumstances' required for equitable tolling"); *Ross*, 712 F.3d at 800 ("lack of legal knowledge or legal training does not alone justify equitable tolling").

Fourth, no extraordinary circumstances exist here.  Plaintiff vaguely and conveniently claims that she was subjected to "sustained coercion, intimidation, and threats" by Defendants.  *See* Opp. at p. 14.  But Plaintiff does not articulate how Defendants' alleged acts prevented her from timely filing her FLSA or NJWPL claims, or otherwise prevented her from contacting a lawyer or accessing the United States legal system.  *See Reynoso v. United States*, No. C 09-02060, 2010 U.S. Dist. LEXIS 8316, at *5 (N.D. Cal. Jan. 12, 2010) (finding equitable tolling did not apply even though plaintiff was allegedly "intimidated" by prison personnel, because he did not "explain how that intimidation prevented him from access to the law library" or caused him to delay filing his motion).

Fifth, Plaintiff falls woefully short of her burden to establish diligence.  During her time working for Defendants, Plaintiff had free time, could leave Defendants' home, made a new friendship, retained possession of her passport and was otherwise able to seek legal counsel and pursue her legal rights.  *See* Arias Orlowski Am. Decl. at Ex. C, p. 2 (expressly authorizing Plaintiff to leave Defendants' home and stating Defendant Arias Orlowska may not keep

---

[3] "Am. Decl." refers to Defendant Arias Orlowska's February 26, 2025, Amended Declaration, with exhibits.

Plaintiff's passport); *id*. at Ex. B, p. 3 (setting forth Plaintiff's "free time"); Compl. at ¶ 54 (identifying friend made in United States). Moreover, Plaintiff voluntarily left Defendants' home in February 2021. *See* Compl. at ¶ 53. She did so after seemingly overcoming Defendants' "intimidation" and telling the State Department "the truth." *See* Compl. at ¶ 52. She did not file her complaint until November 2024 – almost four years later. Plaintiff has not acted with diligence.

In sum, there is no credible argument that Defendants misled Plaintiff in any way that caused her to file late claims, or that any extraordinary circumstances exist to permit Plaintiff to belatedly seek relief from Defendants. Plaintiff has not acted with any diligence, and is barred from seeking relief under the FLSA or NJWPL (for wages prior to November 27, 2018).

## III. THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S NJWPL CLAIM RUNS FROM EACH PAYMENT, NOT FEBRUARY 2021

In addition to her flawed equitable tolling argument, Plaintiff also asserts that the statute of limitations for NJWPL claims runs from when "Plaintiff was no longer subject to Defendant's control, retained counsel, and learned of her rights under the NJ[WPL]." *See* Opp. at p. 14. Using this flawed assertion, Plaintiff asks this Court to find that her entire NJWPL claim is timely, and that she had until, at the earliest, February of 2027 to file her claim. *See* Opp. at p. 15. This is flatout wrong.

It is well-settled that NJWPL claims accrue "at each regular payday immediately following the work week during which the services were rendered." *See Perloff v. Somo Audience Corp.*, No. 19-09172, 2020 U.S. Dist. LEXIS 249293, at *4-6 (D.N.J. Aug. 7, 2020); *see also Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 U.S. Dist. LEXIS 28649, at *10-11 (D.N.J. Mar. 1, 2012). Unpaid wage claims are not subject to a continuing violations theory, let alone one as expansive and subjective as that suggested by Plaintiff. *See Perloff v.*

10

*Somo Audience Corp.*, No. 19-09172, 2020 U.S. Dist. LEXIS 249293, at \*4-5 (D.N.J. Aug. 7, 2020) ("Courts have explicitly rejected the continuing violations theory in Fair Labor Standards Act and NJWHL cases.").

This governing law is not changed by Plaintiff's citation to *Cruz*, a Fourth Circuit case discussing equitable tolling. 773 F.3d at 145-47. "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). It does not change the accrual date under the statute of limitations.

As such, any unpaid wage claims for the period of December 2016 to November 27, 2018 accrued long ago, and the six-year statute of limitations has now run.

## IV.    PLAINTIFF CONCEDES THAT SHE DOES NOT STATE A CLAIM FOR OVERTIME PAY

Defendants' Moving brief raised the fact that the NJWPL does not permit claims for overtime pay. *See* Moving Br. at p. 8. In particular, courts in this District have uniformly held that claims for overtime pay may not be brought under the NJWPL. *See Piscopo v. Pub. Serv. Elec. & Gas Co. ("PSE&G")*, No. 13-552, 2014 U.S. Dist. LEXIS 90781, at \*14-17 (D.N.J. July 3, 2014) (Salas, J.) ("finding NJWPL "does not govern" overtime and "[t]herefore, Plaintiff has failed to plead sufficient facts to state a claim"); *Atis v. Freedom Mortg. Corp.*, No. 15-3424, 2016 U.S. Dist. LEXIS 178527, at \*7 (D.N.J. Dec. 27, 2016) ("Reading the plain language of the NJWPL, the Court finds that the statute does not support a claim for unpaid overtime wages."); *Mitchell v. C&S Wholesale Grocers, Inc.*, No. 10-2354, 2010 U.S. Dist. LEXIS 68269, at \*15-17 (D.N.J. July 8, 2010) (dismissing NJWPA claim seeking overtime because such a claim is not properly brought under the NJWPL); *Hernandez v. Polly Inc.*, No. 22-1244, 2022 U.S. Dist.

LEXIS 230360, at *15-16 (D.N.J. Dec. 21, 2022) (Salas, J.) (dismissing NJWPL claim because it is "the improper statute under which to proceed for recovery of overtime wages").

Plaintiff offers no opposition to this law, nor could she. The Court should grant Defendants' motion to dismiss Plaintiff's request for overtime pay under the NJWPL.

## V.    PLAINTIFF DID NOT PERFORM UNDER THE CONTRACT

Plaintiff spends eight pages to argue the simple point that she believes she performed under the contract, notwithstanding her admitted failure to provide two-weeks notice of her resignation, as required by the contract's plain and unambiguous terms. Plaintiff's verbosity is no mistake: she hopes to distract from the fact that she abandoned the Defendants and their young children with no warning or even the courtesy of a goodbye. The Court should reject Plaintiff's attempt at self-justification..

Moreover, while Defendants are aware of the more generous standard afforded to non-movants on a motion to dismiss, Defendants note that much of Plaintiff's argument is premised on the false assertion that Defendants breached provisions of the contract that do not exist. For example, Plaintiff argues that the first contract required that she receive "private sleeping quarters" (*see* Opp. at p. 2) and that the second required "a private bedroom" (*see* Opp. at p. 3). Neither is true.

The first contract states only that Plaintiff will "have as a domicile and family residence the residence of" Defendants, and the second contract provides that Plaintiff will receive a "private bed" not an entire bedroom:

> **FOURTH: THE EMPLOYEE** shall have an insurance that will cover the medical consultations, as well as medicines and she will have as domicile and family residence the residence of **THE EMPLOYER** and **THE EMPLOYER** binds herself to cover all expenses for [] **THE EMPLOYEE.   THE EMPLOYEE** is

> authorized to leave the house of **THE EMPLOYER** in time out of
> the working hours agreed and during her free days.

*See* Arias Orlowska Am. Decl. at Ex. C, pp. 1-2 (emphasis in original).

> The EMPLOYEE will live at the EMPLOYER' s residence.  The
> EMPLOYEE will receive free room and board in addition to his/her
> salary. This means that, at a minimum, the EMPLOYEE will be
> provided adequate and reasonable accommodations, including a
> private bed and access to a bathroom, kitchen facilities, and proper
> food storage.

*Id*., at Ex B., p. 4.

Further, Plaintiff admits that "[e]arly on during her employment, Plaintiff complained to

Defendant Arias Orlowska that she was not honoring the terms of the Initial Contract."  Opp. at

p. 3; *see* Compl. at ¶ 40.  Yet, she continued to perform under the contract for four more years.

Plaintiff's continued performance "may be deemed" acquiesce, thereby barring its enforcement.

*See New Jersey v. Gloucester Envtl. Mgmt. Servs.*, 264 F. Supp. 2d 165, 177 (D.N.J. 2003).

In short, Defendants deny that they breached any contractual provision, while Plaintiff

admits she breached at least one.  The breach of contract claim is deficient.

## VI.    THE UNJUST ENRICHMENT CLAIM REMAINS DUPLICATIVE AND SHOULD BE DISMISSED

Plaintiff last argues that the unjust enrichment claim should survive because "in New

Jersey, 'a nonsignatory may be [bound to a contract] where the nonsignatory knowingly exploits

the benefits of an agreement…and receives benefits flowing directly from the agreement.'"  Opp.

at p. 23 (citing *Federman v. Bank of Am., N.A.,* No. 14-441, 2016 U.S. Dist. LEXIS 70787, at

*18 (D.N.J. May 31, 2016) (*quoting Belzberg v. Verus Invs. Holdings Inc.,* 21 N.Y.3d 626, 631

(2013)).  This argument only proves Defendants' point.  It is well-settled under New Jersey law

that "liability based on quasicontractual principles cannot be imposed if an express contract

exists concerning the identical matter."  *See Zydus Worldwide DMCC v. Teva API Inc.*, 461 F.

Supp. 3d 119, 140-41 (D.N.J. 2020) (internal quotations and citations omitted).  Here, if Plaintiff is advocating that Defendant Youhana is bound to the contract, then Plaintiff cannot also recover under the theory of unjust enrichment.

Finally, with respect to Plaintiff's argument that she may allege unjust enrichment in the alternative, this might be true if the parties actually disputed whether an express contract exists. But they do not: there are two written contracts, both of which Defendants attached to their motion to dismiss.  Under these circumstances, Plaintiff's unjust enrichment claim should be dismissed.  *See Ctr. for Special Procedures v. Conn. Gen. Life Ins. Co.*, No. 09-6566, 2010 U.S. Dist. LEXIS 128289, at *15-16 (D.N.J. Dec. 6, 2010) ("Because Defendants apparently do not challenge the validity of the Patients' assignments of benefits to Plaintiff [under the contract], nor do Defendants dispute the existence of the [contract], this theory of recovery is unavailable to Plaintiff.").

## <u>CONCLUSION</u>

For the reasons set forth above and in Defendants' Moving brief, Defendants respectfully request that the Court (1) dismiss the Complaint as against Defendant Arias Orlowska, (2) dismiss Count Two as time-barred, (3) dismiss Count Three to the extent it seeks overtime pay or lost wages between December 2016 and November 27, 2018, (4) dismiss Court Five, the breach of contract claim, and (5) if the breach of contract claim is not dismissed, dismiss Count Six as duplicative.

Dated: Florham Park, New Jersey
       March 31, 2025

                                              DUANE MORRIS LLP

                                   By:   /s/ Sarah Fehm Stewart
                                        Sarah Fehm Stewart, Esq.
                                        200 Campus Drive, Suite 300
                                        Florham Park, NJ 07932
                                        (973) 424-2000
                                        SFStewart@duanemorris.com

                                        *Attorneys for Defendants Hany Youhana*
                                        *and Alexandra Arias Orlowska*